UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD VEIZAGA PAULO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-01064-DAD-CKD<br><br>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS HAVING BEEN RENDERED MOOT<br><br>(Doc. Nos. 1, 2) |

On February 6, 2026, petitioner Richard Veizaga Paulo filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Petitioner alleges that he entered the United States with inspection on April 28, 2024, seeking asylum, federal agents briefly detained him and paroled him into the United States, and he was then re-detained on January 31, 2026 when he appeared at a regularly scheduled Intensive Supervision Appearance Program appointment. (*Id.* at 2.) Petitioner requests that the court issue a writ of habeas corpus ordering respondents to immediately release petitioner from custody, declare that his arrest and detention violate the due process clause of the Fifth Amendment, the Fourth Amendment, the First Amendment, and the Administrative Procedure Act, enjoin respondents from deporting him pending these proceedings,

1

1    enjoin respondents from re-detaining petitioner unless his re-detention is ordered at a custody
2    hearing before a neutral arbiter in which the government bears the burden of proving, by clear and
3    convincing evidence, that petitioner is a flight risk or danger to the community, and award
4    petitioner his costs and reasonable attorneys' fees in this action. (*Id.* at 14.) Also on February 6,
5    2026, petitioner filed a motion for temporary restraining order. (Doc. No. 2.) The court set a
6    briefing schedule as to that motion, directing respondents to address whether any provision of law
7    or fact in this case would distinguish it from the circumstances addressed in this court's recent
8    decisions in *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D.
9    Cal. Nov. 14, 2025) and *O.A.C.S. v. Wofford*, No. 1:25-cv-01652-DAD-CSK (HC), 2025 WL
10   3485221 (E.D. Cal. Dec. 4, 2025). (Doc. No. 6.)

11       On February 9, 2026, respondents filed an opposition to petitioner's motion for a
12   temporary restraining order and petition for writ of habeas corpus. (Doc. No. 9.) However,
13   respondents fail to address therein the court's prior orders in *Perez* or *O.A.C.S.*, thereby
14   conceding that the instant action is not substantively distinguishable from those prior orders. (*Id.*)
15   Respondents do volunteer that they do not object to resolving petitioner's underlying habeas
16   petition on the briefings currently before the court and waive oral argument. (*Id.* at 1.)

17       Because respondents have conceded that this case is not substantively distinguishable
18   from the situation addressed in this court's prior orders in *Perez* and *O.A.C.S.*, the court
19   incorporates and adopts the reasoning set forth in those orders.

20       For the reasons explained above,

21       1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED, in part,
22           as follows:
23           a.    Respondents are ORDERED to immediately release petitioner from
24               respondents' custody with the same conditions he was subject to
25               immediately prior to his re-detention on January 31, 2026;
26           b.    Respondents are ENJOINED AND RESTRAINED from re-detaining
27               petitioner for any purpose, absent exigent circumstances, without providing
28               petitioner notice and a pre-detention hearing before an immigration judge

|   |   |   |
|---|---|---|
| 1 |   | where respondents will have the burden of demonstrating that petitioner is |
| 2 |   | a danger to the community or a flight risk; |
| 3 | c. | Petitioner's request for attorney's fees and costs pursuant to 28 U.S.C. |
| 4 |   | § 2412 is DENIED without prejudice to bringing a properly noticed and |
| 5 |   | supported motion; |
| 6 | 2. | Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby |
| 7 |   | DENIED as having been rendered moot in light of this order; |
| 8 | 4. | The Clerk of the Court is directed to ENTER judgment in favor of petitioner; and |
| 9 | 5. | The Clerk of the Court is directed to CLOSE this case. |

IT IS SO ORDERED.

Dated:   **February 11, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3